| | |
|---|---|
| 1 | SCOTT N. CAMERON (SBN 226605)<br>Attorney at Law |
| 2 | 1007 7th Street, Suite 319<br>Sacramento, CA 95814 |
| 3 | Ph. 916-442-5230 |
| 4 | |
| 5 | Attorney for:<br>DERRICK DAVIS |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>GILBERT ARREAZOLA and<br>DERRICK DAVIS,<br><br>                      Defendants, | CASE NO. 2:13-CR-00052 TLN<br><br><u>STIPULATION REGARDING<br>EXCLUDABLE TIME PERIODS<br>UNDER SPEEDY TRIAL ACT;<br>FINDINGS AND ORDER</u> |

**STIPULATION**

      Plaintiff United States of America, by and through its counsel of record, defendant DERRICK DAVIS, by and through his counsel of record, Scott N. Cameron, and GILBERT ARREAZOLA, by and through his counsel of record, MICHAEL BIGELOW, hereby stipulate as follows:

      1.     By previous order, this matter was set for status on May 1, 2013, at 9:00 a.m.

      2.     By this stipulation, defendants now move to continue the status conference until May 30, 2013, at 9:30 a.m., and to exclude time between May 1, 2013, and May 30, 2013, under Local Code T4. Plaintiff does not oppose this request.

      3.     The parties agree and stipulate, and request that the Court find the following:

1

a. The government has produced discovery to the defense in this case which consists of 191 pages of written or photographic material and 9 compact disks of recorded audio materials.

b. Scott N. Cameron, counsel for DERRICK DAVIS, has made an informal request for discovery of certain documents and the government is working on fulfilling that request.

c. Respective counsel for each defendant desires additional time to review the document and audio file discovery, consult with their client regarding the discovery, conduct investigation, and to discuss potential resolution with their client and the government.

d. Counsel for each defendant believes that failure to grant the above-requested continuance would deny defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

e. The government does not object to the continuance.

f. Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g. For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of May 1, 2013, to May 30, 2013, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

/ / /

/ / /

/ / /

/ / /

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

DATED: April 22, 2013

/s/ Jason Hitt
JASON HITT
Assistant United States Attorney

DATED: April 22, 2013

/s/ Scott Cameron
SCOTT N. CAMERON
Counsel for DERRICK DAVIS

DATED: April 22, 2013

/s/ Michael Bigelow
MICHAEL BIGELOW
Counsel for GILBERT ARREAZOLA

**O R D E R**

IT IS SO FOUND AND ORDERED this 23rd day of April, 2013.

Troy L. Nunley
United States District Judge